[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11435
Non-Argument Calendar

_____

D. C. Docket No. 04-00297-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASIANO BARAONA ESTUPINAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 23, 2005)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Casiano Baraona Estupinan appeals his 135-month sentence

imposed for conspiracy to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, 46 App. U.S.C. §§ 1903(a),(j), and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, 46 App. U.S.C. § 1903(a). Estupinan raises two issues on appeal: (1) whether the district court clearly erred in not awarding him a minor-role adjustment; and (2) whether the district court improperly sentenced him by failing to consult the factors in 18 U.S.C. § 3553(a).

## I.

Estupinan argues that his role in the offense can only be described as insignificant and minor because he knew nothing more than at a certain point out in the Pacific he was to off-load bales from a go-fast boat and then return to where he started. He contends that in denying minor-role adjustments in similar cases, district courts have relied on the language of *United States v. De Varon,* 175 F.3d 930, 943 (11th Cir. 1999), that the amount of drugs under "extreme circumstances . . . may be dispositive." He asks us to distinguish the typical "boat case" from the courier cases discussed in *De Varon*, and to announce that (1) the language regarding the amount of drugs being dispositive does not apply to the typical boat case, and (2) the district court can apply a minor-role adjustment despite the

2

amount of drugs involved. He argues that he is far from the typical drug courier who arrives at an airport and passes through customs, intentionally crosses borders, and meets with the drop person. He argues that such carriers are more involved in the planning than a typical "boat defendant" who is taken from a dock to a go-fast boat already loaded with the bales and told he will be back at the dock in a day or two. He argues that he had no knowledge of the scope or structure of the enterprise, amount of drugs, fair market value of the drugs, or amount of money to be paid to the courier, and was not involved in the scheme's planning, or the distribution of the drugs.

The district court is obligated to consult and correctly calculate the Guidelines even though under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Guidelines are merely advisory. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Post-*Booker*, we continue to review the district court's application of the Guidelines as we did pre-*Booker*. *United States v. Ellis*, 419 F.3d 1189, 1192 (11th Cir. 2005). We review the district court's findings regarding whether a defendant qualifies for a minor-role adjustment under the Guidelines for clear error. *United States v. Ryan*, 289 F.3d 1339, 1348 (11th Cir. 2002). The defendant has the burden of establishing his role by a preponderance of evidence. *Id*. "So long as the basis of the trial court's

decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." *De Varon*, 175 F.3d at 945.

Pursuant to U.S.S.G. § 3B1.2(b), the defendant is entitled to a two-point decrease in his offense level if he was a minor participant. According to the commentary, the determination of whether a defendant qualifies for a decrease is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n. 3(c). A "minor participant" is a person who is "less culpable than most other participants, but whose role could not be described as minimal." *Id*. at cmt. n. 5.

The district court conducts a two-pronged analysis to determine if the defendant warrants a minor-role adjustment. *Ryan*, 289 F.3d at 1348. "First, the district court must assess whether a defendant's particular role was minor in relation to the relevant conduct attributed to him in calculating his base offense level." *Id*. Only if the first prong is met does the district court reach the second prong, which "requires the district court to assess a defendant's relative culpability vis-a-vis that of any other participants." *Id*. at 1348-49.

In *De Varon*, we recognized that a drug courier may or may not qualify for a minor-role reduction adjustment, depending on his conduct in relation to the

relevant conduct. *De Varon*, 175 F.3d at 942-43. We stated that the amount of

drugs imported is a material consideration in assessing the defendant's role, and

reaffirmed our prior holding that the amount of drugs may be the dispositive factor

in the extreme case. *Id*. at 943. We further held that when measuring the

defendant's conduct against other participants in the conspiracy, only participants

who are "identifiable and discernable from the evidence" are relevant, as opposed

to participants in any larger criminal conspiracy. *Id*. at 944. We recognized that a

non-exhaustive list of relevant factual considerations includes the amount of drugs,

fair market value of drugs, amount of money to be paid to the courier, equity

interest in the drugs, role in planning the criminal scheme, and role in the

distribution. *Id*. at 945.

The record here demonstrates that Estupinan offered no evidence to show

that his participation in the possession with the intent to distribute the cocaine was

minor, or that he was less culpable than the other crew members. Thus, we

conclude that the denial of a minor-role adjustment was supported by the facts that

he was one of four crewmen hired to transport the cocaine; he knew that the

cocaine was on the boat; he got paid for his participation; and there was a large

amount of cocaine on the boat.

**II**.

5

Estupinan also argues that the district court failed to consult the 18 U.S.C. § 3553(a) factors independently from the Guidelines calculation, erroneously believing that the factors in § 3553(a) do not stand apart from the Guideline calculation. He argues that the district court believed that the Guidelines and 18 U.S.C. § 3553(a) were synonymous, and violated *Booker*, by failing to consult the § 3553(a) factors.

In *Booker*, the Supreme Court explained that, "[w]ithout the 'mandatory' provision, the [Sentencing Reform] Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." *Booker*, 543 U.S. at ___, 125 S. Ct. at 764. Post-*Booker*, sentences are still reviewed for reasonableness. *Id*.; *see also United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "*Booker* established a 'reasonableness' standard for the sentence finally imposed on a defendant"). In determining whether a sentence is reasonable, the court should be guided by the factors in 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 765-66; *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." *Winingear*, 422

F.3d at 1246 (citing 18 U.S.C. § 3553(a)).  Although the court must be guided by these factors, we have held that "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *United States v. Scott*, No. 05-11843, ___ F.3d ___ (11th Cir. Sept. 27, 2005).

In *Scott*, we concluded that the district court had adequately considered the § 3553(a) factors in imposing the defendant's sentence, where defense counsel made a lengthy argument that statutory factors warranted a sentence below the sentencing guideline range, the court stated it had considered the circumstances of the charged offenses, and the court explicitly acknowledged it had considered the defendant's arguments and the statutory factors.

The record here demonstrates that the district court invited arguments on how the § 3553(a) factors should affect the sentence, explicitly stated that in determining Estupinan's sentence it had considered the Sentencing Reform Act, and applied the Guidelines as advisory.  Thus, we conclude that the district court did not violate *Booker* when imposing Estupinan's sentence.  For the foregoing reasons, we affirm Estupinan's senence.

**AFFIRMED.**

7